UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD D. STEIN, #219903,

       Plaintiff,

v.                              CASE NO. 16-CV-12824
                              HONORABLE PAUL D. BORMAN

G. WHITINGER, et al.,

       Defendants.
_____/

## ORDER OF TRANSFER

      This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983.  Plaintiff Richard D. Stein is a state prisoner currently confined at the Baraga Correctional Facility in Baraga, Michigan.  In his complaint, Plaintiff alleges that he was improperly placed in administrative segregation while confined at the Michigan Reformatory in July, 2015 and that prison and administrative officials failed to properly respond to his grievances.  He names prison employees at the Michigan Reformatory in Ionia, Michigan and Michigan Department of Corrections administrative employees in Lansing, Michigan as the defendants in this action and sues them in their personal and official capacities.  Plaintiff seeks injunctive relief and monetary damages.

      Having reviewed the complaint, the Court concludes that venue is improper in this District and that the case should be transferred to the United States District Court for the Western District of Michigan, Southern Division.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

Venue in general.  A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Public officials "reside" in the county where they perform their official duties.  *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought.  *See* 28 U.S.C. § 1406(a).  Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice.  *See* 28 U.S.C. § 1404(a).  A court may sua sponte transfer a case for improper venue.  *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *Flynn v. Greg Anthony Construct. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003).

In this case, the defendants reside in Ionia, Michigan and Lansing, Michigan and the actions giving rise to the complaint occurred in Ionia, Michigan.  Plaintiff resides in Baraga,

Michigan. Ionia, Michigan lies in Ionia County and Lansing, Michigan lies in Ingham County. Both of those counties are located in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Baraga, Michigan lies in Baraga County, which is located in the Northern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Venue is therefore proper in the United States District Court for the Western District of Michigan, not this District.

Accordingly, pursuant to 28 U.S.C. § 1406(a) and in the interests of justice, the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan, Southern Division. The Court makes no determination as to the merits of the complaint or any filing requirements.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 12, 2016